**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RONIECIA WASHINGTON )<br><br>)<br><br> ) | **CIVIL ACTION** |
| Plaintiff, ) | **File No.** |
| ) | |
| v. ) | |
| ) | **JURY TRIAL REQUESTED** |
| BENNIE'S RED BARN, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Roniecia Washington files this Complaint against Bennie's Red

Barn, Inc. showing as follows:

## Introduction

1.    This is an egregious case of sexual harassment and hostile working

environment, stemming from a sexual battery at work, in violation of Georgia law

and Title VII of the Civil Rights Act of 1964 ("Title VII"). During Ms. Washington's

employment with Bennie's Red Barn, her coworker touched her vagina and her

buttocks. This coworker was arrested for his violation of the law. But importantly,

before this incident, he had a history of sexually harassing other workers and

Bennie's Red Barn failed to take action to stop him or protect its employees. This makes Bennie's Red Barn liable for his conduct and for damages in this case.

## Jurisdiction and Venue

2.      Plaintiff's Title VII claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3). The Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

3.      Venue is proper in this District under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. § 1391(b) and (c).

## Administrative Proceedings

4.      Plaintiff timely filed a Charge of Discrimination with the EEOC and requested a notice of right to sue letter. She has complied with all other conditions precedent to the institution of this lawsuit.

## The Parties

5.      Plaintiff is a citizen of the United States and resident of the state of Georgia.

6.      Bennie's Red Barn is a limited liability company in Georgia.

7.      At all relevant times, Plaintiff was an employee of Bennie's Red Barn within the meaning of Title VII.

8.      Defendant Bennie's Red Barn may be served with process by delivering a copy of the summons and complaint to its registered agent, Don B. Gentile.

## Factual Background

9.      Ms. Washington worked for Bennie's Red Barn as server beginning in August 2022.

10.     Phillip Jackson has been employed by Bennie's Red Barn as an expeditor.

11.     On August 27, 2022, during working hours, Ms. Washington went to sit down at a bench outside of the restaurant.

12.     Mr. Jackson was sitting on the bench with another co-worker.

13.     As Ms. Washington sat down, Mr. Jackson's hand touched between her legs and groped her genital area from the front (touching her vagina) to the back (between her buttocks).

14.     Ms. Washington was startled and jumped up in shock.

15.     At least two witnesses observed this sexual assault.

16.     Ms. Washington immediately reported the sexual assault to her manager, Alice Paolini.

17.     Mrs. Paolini told Ms. Washington that this was not the first time Mr. Jackson conducted himself in that manner.

18.     Upon information and belief, Mr. Jackson had recently touched another worker in a sexual manner and Defendant was aware of this fact.

19.     Mrs. Paolini conceded to Ms. Washington that Mr. Jackson had done this before and said she would "handle it" by not allowing him back to work for two weeks.

20.     Mrs. Paolini's husband then observed Ms. Washington crying and said: "what, Phil again? I'm going to fire him."

21.     Mrs. Paolini did not want to fire Mr. Jackson and only wanted to take him off the schedule for two weeks.

22.     Mrs. Paolini told Ms. Washington to sleep on it and think about how she wanted to proceed.

23.     Ms. Washington made it clear that she wanted to press charges, and ultimately did by reporting the incident to the local police.

24.     The police corroborated Ms. Washington's story with witness statements and surveillance video.

25.     The Mr. Jackson has since been arrested for sexual battery as a result of his above-described conduct.

## COUNT I
## Sexually Hostile Work Environment in Violation of Title VII

26.     Plaintiff incorporates by reference the paragraphs 1 through 25 of the Complaint as if fully stated herein.

27.     Plaintiff was subjected to unwanted physical touching, as outlined above, which amounts to severe and pervasive conduct.

28.     At all times relevant to this action, Defendant knew or should have known of the existence of a sexually hostile work environment, but failed to take remedial action to prevent or correct the harassment or protect Plaintiff.

29.     Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior after Plaintiff reported the sexual assault.

30.     Additionally, Mr. Jackson was acting in the course and scope of his employment with Defendant, making Defendant's vicariously liable for his actions under a theory of *respondeat superior*.

31.     Defendant willfully and wantonly disregarded Plaintiff's rights.

32.     As a result of Defendant's unlawful actions, Plaintiff suffered emotional distress, inconvenience, humiliation, and other indignities.

33.     As a result of Defendant's violation of Title VII, Plaintiff is entitled to recover any lost economic benefits of her employment, compensatory and punitive

damages, and reasonable attorneys' fees and costs, as well as equitable and injunctive relief.

## COUNT II
### Invasion of Privacy

34.     Plaintiff incorporates by reference the foregoing paragraphs 1 through 25 of the Complaint as if fully stated herein.

35.     The tort of Invasion of Privacy is actionable under Georgia law upon proof that an individual unreasonably intruded into another person's private concerns in a manner that "would be offensive or objectionable to a reasonable person." *Troncalli v. Jones*, 237 Ga. App. 10, 14, 514 S.E.2d 478, 482 (1999).

36.     Mr. Jackson's actions described above involving unwanted sexual and inappropriate touching of Plaintiff constituted the tort of Invasion of Privacy under Georgia law.

37.     At all relevant times, Mr. Jackson was acting in the course and scope of his employment with Defendant, making it vicariously liable for his actions under a theory of *respondeat superior*.

38.     Based on Defendant's actual and constructive knowledge of Defendant's misconduct, coupled with their failure to intercede on Plaintiff's behalf and retention of the perpetrators of the harassment, Defendant condoned, adopted, and ratified their conduct, making it also liable for their actions.

39.     As a result of Defendant's unlawful actions, Plaintiff suffered emotional distress, inconvenience, humiliation, and other indignities.

## COUNT III
## Battery

40.     Plaintiff incorporates by reference paragraphs 1 through 25 of the Complaint.

41.     Mr. Jackson's conduct and actions alleged herein toward Plaintiff amounted to the unwanted and offensive touching of Plaintiff, constituting a battery.

42.     At all relevant times, Mr. Jackson was acting in the course and scope of his employment with Defendant, making it vicariously liable for his actions under a theory of *respondeat superior*.

43.     Based on Defendant's actual and constructive knowledge of Mr. Jackson's misconduct, coupled with their failure to intercede on Plaintiff's behalf and retention of the perpetrators of the harassment, Defendant condoned, adopted, and ratified Mr. Jackson's conduct, making it liable for his battery of Plaintiff.

## COUNT IV
## Negligent Retention and/or Negligent Supervision

44.     Plaintiff incorporates the foregoing paragraphs 1 through 25 of the Complaint by reference as if fully stated herein.

45.     Throughout Plaintiff's employment, Mr. Jackson subjected her to a sexual battery.

46.     Defendant was aware of prior instances of sexual harassment inflicted on other female employees of the restaurant before Mr. Jackson sexually battered Plaintiff, and yet it continued to employ him.

47.     Defendant failed to take any remedial action toward Mr. Jackson during Plaintiff's employment.

48.     Defendant took no steps to correct the sexually harassing work environment that existed during Plaintiff's employment.

49.     Defendant negligently retained Mr. Jackson, thereby ratifying, condoning, and adopting their conduct, making it liable for the negligent supervision and retention of Jackson.

**COUNT V**
**Punitive Damages under O.C.G.A. § 51-12-5.1**

50.     Plaintiff incorporates the paragraphs 1 through 25.

51.     All of Defendant's unlawful conduct set forth herein was intentional, willful, malicious, and conducted with the deliberate intent to harm Plaintiff, or was done with reckless disregard for Plaintiff and her rights.

52.     Accordingly, Defendant is liable to Plaintiff for punitive damages.

## COUNT VI
## Attorney's Fees and Costs under O.C.G.A. § 13-6-11

53.     Plaintiff incorporates the foregoing paragraphs 1 through 25 of the Complaint by reference as if fully stated herein.

54.     By Defendant's actions described above, and by its stubborn litigiousness prior to and during this lawsuit, Defendant acted in bad faith, was stubbornly litigious, and put Plaintiff to unnecessary trouble and expense.

55.     Thus, under O.C.G.A. § 13-6-11, Plaintiff is entitled to recover her attorneys' fees and expenses incurred in prosecuting this action.

**WHEREFORE**, Plaintiff demands a TRIAL BY JURY as well as:

a. A declaratory judgment that Defendant engaged in unlawful employment practices in violation of Title VII and Georgia law;

b. An injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII and Georgia law;

c. An award of back pay, including all lost wages and benefits, and pay increases Plaintiff would have received absent the harassment, and all other benefits of employment reducible to a dollar value;

d. An award of pre-judgment and post-judgment interest as required;

e.  Compensatory damages, in an amount to be determined by the enlightened

    conscience of the jury, for Plaintiff's emotional distress, suffering,

    inconvenience, mental anguish, loss of enjoyment of life and special damages;

f.  Punitive damages in an amount to be determined by the enlightened

    conscience of the jury to be sufficient to punish Defendant for their conduct

    toward Plaintiff and deter Defendant from similar conduct in the future;

g.  Reasonable attorneys' fees and costs; and

h.  Other and further relief as the Court deems just and proper.

    Respectfully submitted on October 6, 2022.

                                            **HALL & LAMPROS LLP**

                                            */s/ Rachel Berlin Benjamin*
                                            Rachel Berlin Benjamin
                                            Georgia Bar No. 707419
                                            rachel@hallandlampros.com
                                            300 Galleria Pkwy SE, Suite 300
                                            Atlanta, GA 30339
                                            Telephone: (404) 876-8100
                                            Facsimile: (404) 876-3477